## IN THE

# SUPREME COURT

### OF

# NEW JERSEY,

## SEPTEMBER TERM, 1791.

---

MEHELM v. BARNET.

1. A signed a note to B; two years afterwards, B brought an action against the drawer, who had, however, become insolvent. In an action against A to recover back the consideration paid for the note, parol evidence was admitted to explain the terms on which the note was assigned.

2. By the general rule of the law, the assignor of a promissory note is liable, unless, first, there was an agreement to the contrary, at the time; or, second, the debt was lost by the negligence of the assignee in not suing in time.

3. Assignees must use due diligence, and sue within reasonable time. What is "reasonable time" within which to sue a note, is not settled, but two years is more than "reasonable time," unless the delay has arisen from the conduct of assignor.

This was an action for money had and received to plaintiff's use, tried at bar. The plaintiff's case, as stated and proved, was, that on the 27th July, 1780, Barnet, by general words in the common form, assigned to plaintiff a sealed bill of one Bauman, for £70, payable in 1778, for which plaintiff paid him £3100 in continental currency, as appeared by Barnet's receipt for the money. About two years after the

101

assignment, the plaintiff brought an action against Bauman, and proceeded to judgment and execution, but failed in recovering the money, as Bauman had become insolvent.

This action was brought to recover back the consideration paid for the note, upon the ground of an implied *assumpsit*.

*Woodruff* and *Frelinghuysen*, for defendant, upon the opening of the cause, objected to the offering the bill and assignment in evidence, contending, that upon a general assignment of a bill or chose in action, that no implied warranty arose; that it was a purchase unless the contrary was expressly stipulated, and then an action must be framed on the special agreement. The court, however, admitted the evidence, holding that, upon a general assignment of a bill or bond, the assignor would be liable to refund the consideration, if, upon due diligence used by the assignee, it proved irrecoverable.

On the part of the defendant, it was first contended that there had been laches in the assignee, by which the money was lost; second, that it was a mere purchase of the note, (a) the plaintiff being willing to exchange bad money for a doubtful security; third, that it was expressly agreed, at the time of assigning the note, that the plaintiff should put it immediately in suit, and take it at his own risk.

*Kirkpatrick* and *Stockton*, for plaintiff, objected to the evidence, respecting the terms on which the plaintiff took the [87] assignment; contending that it was going out of the assignment, and varying the instrument, or the construction arising from the instrument, as it stood. That, if the defendant meant to put any terms, or impose any liability on the plaintiff, beyond his responsibility on a general assignment, it ought to have been stated in the assignment; that it never

(a) The counsel and court used the term "note" in speaking of the sealed bill.

was heard of that, after endorsing a note generally, the endorser could, when prosecuted by the endorsee, set up a special agreement to overthrow the general operation of the endorsement; and that, in this respect, there could be no difference between a note and a bill. They insisted that the parties must be bound by the operation of the assignment; as it stood, it was clear and explicit; the evidence offered went to annex a qualification to the instrument directly repugnant to the construction resulting from the face of it.

KINSEY, C. J., and SMITH, J., thought the evidence admissible; CHETWOOD, J., *contra.*

KINSEY, C. J., charged the jury that, by the general operation of the assignment, Barnet would be liable, unless upon the evidence it appeared either, *first*, that there was an agreement to the contrary at the time; or, *second*, that the debt had been lost by the negligence of plaintiff in not suing. He said that the delay of two years was certainly not admissible, unless Mehelm had accounted for it, by proving that Barnet had himself been the cause of it. The general doctrine of assignees was, that they must use all proper and reasonable diligence to recover the money on the assignment; if not, and the debtor fails, the loss must be borne by the assignee. What is reasonable time is not settled in New Jersey. From the nature of business, and other circumstances, no precise rule has been or perhaps can be laid down, but certainly two years is more than reasonable time, unless it can be accounted for as arising from the conduct of Barnet, the assignor. The jury found a verdict for the defendant.

The counsel for the plaintiff obtained a rule to show cause why a new trial should not be awarded.

[88] *Frelinghuysen*, for the defendant, showed cause, and as to the objection, that the court were wrong in admitting the

evidence relative to the agreement of plaintiff to take the bill at his own risk. He argued—

1st. That the case of *Bates* v. *Grabham*, 2 *Salk.* 444, cited by the court at the trial, clearly proves that such testimony is proper. That was a policy of insurance ; a parol agreement was proved, that the policy should not commence until the ship came to such a place, and held the parol agreement should avoid the writing. That case goes further than is necessary to my purpose. I am willing to narrow the principle, and contend for no more than in the second place : that any parol testimony, consistent with the written, is admissible. You shall not destroy, but you may explain it ; you may prove another agreement not inconsistent with the former.

The source of mistake on the other side, arises from misapplication of the law, which I mean not to contradict, namely, that parol testimony shall not control what appears on the face of the deed, because parties write everything then in contemplation. Now this is true, but does not touch the case here. What is the written agreement in this case, an assignment of our right and title to a bill, putting it out of our power, and placing it in the power of the assignee to recover the money. This agreement, we admit, we desire to establish it. The property of the note was changed ; we have no further claim to it; the doctrine of law, arising upon this agreement, " that we are to pay the money to the assignee, if with due diligence he cannot get it," is not reduced to writing ; it is no part of the agreement, in fact. The written agreement may remain unaltered, and another agreement to discharge the assignor from the legal operation may consistently be proved. It is not contradictory to the writing ; it is to rebut the law arising upon the assignment, and not to destroy the assignment. Particular legacies were given to executors, and no disposition of the surplus—the law gives it to the next of kin. Parol proof was admitted that the testator designed it for the executors. 2 *Bac.* 310. Collateral matters may be proved. [89] *Preston* v. *Merceau*, 2 *Blac. Rep.* 1249, to supply

an omission.   *Joynes* v. *Statham*, 3 *Atk. Rep.* 388.   Bill discounted with allowance ; this is a purchase, and you cannot resort to the seller.   Parol proof must have been admitted here, to show how the bill was negotiated.

*R. Stockton*, in support of the rule.   This evidence was admitted at the trial upon the authority of 2 *Salk.* 444 ; 5 *Burr.* 2802.

1st.  Where a contract is reduced to writing, the terms of which admit of a certain construction, no parol evidence is to be admitted, to lessen or enlarge, vary or explain such contract.   This rule of law grows out of the fundamental principle of the doctrine of evidence : that the best which the nature of the case admits of is required, and only the best ; and when produced, it is the guide to go by.   *Preston* v. *Merceau*, 2 *Blac.* 1249, (before cited ;) *Cary* v. *Bertie and others*, 2 *Vern.* 333.   But not only is the writing to be held inviolate, but the construction which it affords, the legal construction, must take effect, even if there be an ambiguity on the face of the writing.   *Pow. on Mort.* 54, 55.   A deed may be helped sometimes by election, but never by averment.   *Loraine* v. *Tomlinson*, *Doug.* 564.   These cases prove, first, that no parol evidence can be admitted to vary the nature of a written contract.   Second, that where different constructions are contended for, they must be deduced from the writing, and not from parol evidence.

2d.  The communication is for the assignment of a note ; the money is paid, and the note assigned ; everything is put into writing.   Now, what contract does the law raise on this transaction ?   Why, that Barnet should repay the money advanced, on failure of the giver of the bill, due diligence having been used.   This is the admitted construction of the instrument.   Now, the parol evidence offered, viz., that Barnet should not be liable, on failure of Bauman, went to destroy the operation of the contract in writing, in this particular.

The opposite counsel has said this parol agreement is a

distinct thing from the writing; it is not consistent with it; it goes merely to repel a legal consequence of the instrument, and not the words of it. I cannot conceive that there is any-[90]-thing in this distinction; to contradict or destroy the legal operation or construction of an instrument, is the same thing as to control its verbal stipulations. Barnet, on this assignment, was as completely bound to answer over on default of Bauman, as if it had been so expressed; and if the legal consequence had been put into writing, the defendant's counsel could not have argued this point. Surely, to have the benefit of a contract, it is not necessary to put the legal consequences of it into writing; if it were so, no endorsee could ever recover against an endorser. The liability never arises out of the words of the endorsement.

3d. As to the cases against us, that in *Salk.* 444 is not law. Either Lord Holt or Sergeant Salkeld forgot the case; it is misreported. They have set down the opinion of the jury for that of the judge. The fact is, that the judge's opinion was against the parol testimony as inadmissible, and a new trial was awarded. The case is reported by the name of *Kaighes* v. *Knightly,* in *Skinner* 54, and *Park on Insurance* states it to the same effect. 5 *Burr.* 2802 is plainly inapplicable; besides, the objection was not taken at the trial.

KINSEY, C. J., delivered the opinion of the court upon this and other reasons assigned for a new trial; he went into a very elaborate and learned investigation of the general law, on the subject of parol and written evidence. As far as respected the particular case in question, he observed that the parol evidence did not vary, add to, or restrain the assignment, as to the subject matter of it, the chose in action, the security, nor in any respect control the words of it. It went merely to restrain the operation of the general rule of law, which was no part of the contract between the parties. *Vid.* 2 *Wash.* 219; *Ib.* 233, 255. This cannot affect purchasers, for if the first assignee should assign it to another, I agree that this other would not be bound by the parol agreement.

---

unless a disclosure of it was made to him previously to the assignment; so that no bad consequences can attend the doctrine; as to the case in Salkeld, I admit it is dubiously reported. I do not rely on it.

[91] SMITH, J., and CHETWOOD, J., agreed that the verdict was right.

It was contended, by the counsel for the defendant, that, admitting the evidence to have been improper, yet the verdict was right upon the whole case independent of it, and if so, no new trial should be granted, to which the court agreed. The cases cited on this point were *Heylin et al.* v. *Adamson*, 2 *Burr.* 669; *Chamberlyn* v. *Delarive*, 2 *Wils.* 353.

On the general law relating to parol evidence, the Chief Justice cited 1 *Eq. Ca.* 230; *Pow. on Const.* 432; *Joynes* v. *Statham*, 3 *Atk.* 388; *Preston* v. *Merceau*, 2 *Blac. Rep.* 1249; *Doe, ex dem. Freeland,* v. *Burt,* 1 *Term Rep.* 701; *Fitz Gib.* 213.

Rule discharged.

NOTE.—On a general assignment of a bond or bill, the law is, that the assignor is not liable over to assignee in default of recovery. See 1 *Penn. Reports of Cases in Supreme Court of New Jersey*, 20 *Ib.* 211–12. See *Washington's Argument*, 2 *Washington's Rep.* 219.

CITED *in Johnson* v. *Martinus*, 4 *Hal.* 185, *147; *Allen* v. *Pancoast*, *Spenc.* 68.